GEORGE W. CLASON and MITCHELL STEEVER,
Appellants,

*vs.*

JOSEPH SHEPHERD et al., Respondents.

APPEAL IN EQUITY FROM MILWAUKEE CIRCUIT COURT.

A prior mortgagee may waive his right of priority in favor of a subsequent mortgagee.

An agreement by a first mortgagee, in writing and under seal, with a second mortgagee, to waive his prior lien in favor of the subsequent incumbrancer, is an agreement concerning an interest in lands, within the meaning of section 1, chapter 60 of the Revised Statutes.

Such an agreement, when executed and acknowledged according to the statute, is entitled to registry; and being recorded, is constructive notice to the assignees of the first mortgage, and to all the world.

The appellants, complainants in the court below, filed their bill in equity in the circuit court of Milwaukee county, to foreclose a certain mortgage executed on the ninth day of May, 1855, to one Jane Garvey, by Joseph Shepherd and wife, two of the respondents for the payment of the sum of $7,000, at or before the expiration of ten years from that date, with interest thereon semi-annually in advance, at the rate of ten per cent. per annum, which mortgage, together with the bond accompanying the same, it is alleged in said bill, were afterward, on the 27th day of July, 1855, for a valuable consideration, duly assigned and transferred by the said Jane Garvey and Edward C. K. Garvey, her husband, to the complainants. The bill further alleges that the mortgagors neglected to pay the interest as conditioned in said mortgage and bond, whereby, by force of the terms and conditions of said mortgage, the whole sum of principal had fallen due, so that there was, at the time of filing said bill, the sum of six thousand dollars, part and parcel of the money secured by said mortgage, due

and unpaid, &c. The bill further alleges that Thomas Lyness, James Davis and Harvey Leonard had, or claimed some interest in said mortgaged premises, as subsequent purchasers, incumbrancers or otherwise, and praying that said Shepherd and wife, Lyness, Davis and Leonard, might be made parties, and for the usual relief, &c.

Service of subpœna was made upon Joseph Shepherd and Ruth Shepherd; and "*not found*" returned as to the other defendants. Thereupon a rule was entered for an answer, and publication made; and afterward upon affidavit of publication, and a verified computation, a decree (*pro confesso*) was entered against all the parties defendant, for a foreclosure and sale of mortgaged premises, in the usual form. Afterward, on the 13th of May, 1856, Thomas Lyness, one of the defendants made a motion to be let in to answer, founded upon a sufficient affidavit, and by a stipulation between the parties, it was agreed that the sale should go on and the money be retained in court, and that the answer of said Lyness should be filed, and the matters thereof proceed to a hearing in the mean time, the money arising from the sale to abide the event of the collateral issue to be thus litigated.

Thereupon the said defendant Lyness, filed his answer, also the bond and mortgage set forth in the bill, and further alleging:

That on the nineteenth day of May, in the said year of our Lord one thousand eight hundred and fifty-five, the said Joseph Shepherd mentioned in said bill, executed to him the said Thomas Lyness, in consideration of the sum of one thousand dollars by him, the said Lyness, then and there loaned to the said Shepherd, his bond, for the sum of two thousand dollars, bearing date on the said nineteenth day of May, and conditioned for the payment of the said one thousand dollars, on or before the expiration of two years from the said date, with interest, at the rate of twelve per cent. per annum, payable annually, and that with said bond, and for the same consideration, the said Joseph Shepherd, and his wife, Ruth D. Shepherd, executed and delivered to him, the said Lyness, a mortgage on the same premises mentioned in said bill of complaint,

and in said mortgage of said complainants, which said bond and mortgage so made and delivered by said Shepherd and wife, to him, said Lyness, were made and delivered to secure to him the payment of the said one thousand dollars so loaned by him as aforesaid. That on the said nineteenth day of May last aforesaid, and at the same time of the execution and delivery of said bond and mortgage by said Shepherd and wife, to this defendant, and as part and parcel of the same transaction, by a mutual arrangement then and there made by and between the said Shepherd and wife and the said E. C. K. Garvey, and Jane Garvey, his wife, and this defendant,—for which the said E. C. K. Garvey and his wife, then and there received a valuable consideration from said Shepherd, to-wit: the said $1,000, so loaned by this defendant to said Shepherd, in addition to the consideration mentioned in said instrument in writing,—the said E. C. K. Garvey, and the said Jane Garvey, his wife, who then held and owned the said bond and mortgage mentioned, and sought to be foreclosed in said bill of complaint, executed and delivered to this defendant, on the back of the mortgage of said Shepherd and wife, their certain instrument in writing, of the tenor and effect following, that is to say:

"Know all men by these presents, that we, Edward C. K. Garvey, and Jane Garvey, in consideration of one dollar to us in hand paid by Thomass Lyness, the receipt whereof is hereby acknowledged, and for other divers good considerations, do hereby waive all priority of lien on the real estate within described, by virtue of a certain mortgage on the same premises, executed by the said Joseph Shepherd to the said Jane Garvey, bearing date on the 9th day of May, A. D. 1855, the true intent and meaning hereof, being to give to this mortgage a lien on the said premises prior to said mortgage to Jane Garvey;" which was duly executed and was recorded.

That at the time, and until long after the execution to him, and recording of the said mortgage and instrument in writing on the back thereof, to-wit: until the 27th day of July, then next following, the said E. C. K. Garvey, and Jane Garvey, held and owned the said bond and mortgage mentioned, and

sought to be foreclosed in said bill of complaint. And claims, that by virtue of his said mortgage, and the instrument in writing on the back thereof, so executed and delivered to him as aforesaid, he became and is still entitled to have a lien on said premises, for the amount of his said debt, secured by his said bond and mortgage, prior to the lien of the said mortgage to the said Jane Garvey, according to the true intention and meaning of the said instrument so executed as aforesaid by said Garvey and wife; and that the recording of his said mortgage and said instrument in writing, was notice of his rights to all persons who might thereafter purchase any interest in said premises, or in said mortgage to said Jane Garvey, and that therefore the said complainants had notice of his rights before they became assignees of said mortgage, as set forth in their bill of complaint; and that he is entitled to have his said debt of one thousand dollars, no part of which has yet been paid, with the interest, as aforesaid, first satisfied out of said premises, before the debt secured by the bond and mortgage of the said complainants.

September 1st, 1856, sheriff made report of sale of said premises, in pursuance of said decree, which was confirmed by the court.

September 3d, 1856, complainants filed general replication to the answer of Thomas Lyness. September 6th, a rule was entered for either party to take testimony, on or before the third Monday in November, 1856. January 5th, 1857, the cause, as to the defendant Lyness, came on to be heard upon bill, answer and replication, and April 3d, 1857, at a regular term of said court, the following decree was made :

" This cause came on to be heard upon the bill, answer of the said Thomas Lyness, and testimony, and was argued by counsel, and thereupon, it is ordered, adjudged and determined by the court, that the mortgage of the said Thomas Lyness, mentioned in his said answer, to secure the payment of one thousand dollars, and interest, at twelve per cent per annum, has a priority of lien on the premises mentioned in the plaintiff's complaint, to the mortgage mentioned in said complaint

as having been assigned to the plaintiff, and that there is due to said Thomas Lyness, on his said bond, the sum of twelve hundred and twenty-five dollars, principal and interest; and the said plaintiffs are required to bring said sum into court, to be paid to the said Lyness, within twenty days after service of a copy of this judgment, or in default thereof, that execution issue against them to collect said sum for which judgment is hereby entered, and costs to be taxed."

*Lakin and Steever* for appellants.

The mortgage assigned to the complainants, and upon which this suit was brought, was executed by Shepherd and wife, and delivered to Jane Garvey to secure the purchase money of the premises bought; and it would be asking too much to require the complainants to go behind that record to find incumbrances affecting the said mortgage, when it is well settled that the registry act is prospective, and not retrospective in its operation. *Truscott vs. King*, 6 Barb, Sup. C. Rep., 346. *Clabourgh vs. Byerly*, 7 Gill. 354. There was no note upon the mortgage, nor upon the margin of the Record Book, to give the complainants any notice of the existence of an instrument, such as the defendant Lyness claims priority under, and although the mortgagee may have had notice, and if so, would have been affected by it; yet a *bona fide* assignee without such notice, is not affected by the notice of the mortgagee. The notice must be shown to be full and clear. *Jackson et al. vs. Van Valkenburg*, 8 Cownen, 260. *Day vs. Clark*, 25 Vt. (2 Dean), 397. The notice must be positive, and the defendant is bound to prove it affirmatively. *Ford vs. Burch*, 6 Barb. Sup. C. Rep., 60. *Tuttle vs. Jackson*, 6 Wend., 571, 4 Kent's Com. 171–172. 3 Paige, 437. 1 Hill, 568 and 571.

The recitals in a subsequent mortgage cannot prejudice the rights of a prior mortgagee, nor can the mortgagee of a prior mortgage waive the priority of lien, in favor of a subsequent mortgage, so as to effect the assignee of the prior mortgage. *N. Y. Ch. Man. Co. vs. Peck*, 2 Halst. Ch. R. 37. *Clabourgh vs. Byerly*, 7 Gill., 354.

· *J. H. Paine and Sons* for respondents cited Rev. Stat. Ch. 60 § 1, 2, 3.

*By the Court,* COLE, J.—It does not seem hardly possible to entertain a serious doubt of the right and power of Garvey and wife to waive the priority of their mortgage in favor of the subsequent one given to Lyness. Up to the 27th of July, 1855, the first mortgage belonged to them, and they could release or discharge it, or if they saw proper to do so, they had a perfect right to substitute another in its stead. And it appears that for a good and valuable' consideration, they agreed in writing, under seal, to waive the priority of their mortgage in favor of that given to Lyness ; they executed this agreement in the presence of two witnessess, acknowledged it before a person competent to take acknowledgements, and this agreement was recorded in the proper office, on the 19th of May, 1855, something more than two months before the Garvey mortgage was assigned to the appellants. Now the simple inquiry is, does not our statute in terms expressly make this agreement, thus executed, and recorded, notice to all the world of the import and meaning of this instrument ? Where a first mortgagee agrees in writing under seal with a second mortgagee, to waive his prior lien in favor of the subsequent incumbrance, does it admit of doubt or controversy as to whether an agreement of this character is an agreement concerning an interest in lands, within the meaning and sense of section one, chapter sixty of the revised statutes ? Suppose Garvey and wife had filed the bill to foreclose the mortgage given to them, would not the court have given effect to their agreement under ·seal, and held that the Lyness mortgage had preference ? Undoubtedly. But how are the equities of the case strengthened in favor of the assignees ? It is insisted by the counsel for the appellants that our registry law is not retrospective but prospective in its operation. Admit that this is so, and how does it help the appellants' case ? As already observed, the agreement of Garvey and wife

to give the mortgage of Lyness preference over their mortgage, was executed and placed upon record more than two months before the mortgage set forth in the bill was assigned to the complainants, and it appears to us if section three of the chapter before referred to is to have any force whatever, we must hold that the recording of the agreement was constructive notice of its contents to the complainants. Under such circumstances the law declares that the complainants were not *bona fide* assignees of the first mortgage without notice of the agreement. The only natural and reasonable effect to be given to the recording of the agreement, is to charge the assignees with notice in law of the contents of the instrument.

We have examined the cases cited in the brief of the counsel for the appellants, but we see nothing in them to change our views of the proper construction of our registry law. We are entirely clear that the agreement to make the Lyness mortgage the prior incumbrance, comes fully within the letter and spirit of this law, and we therefore must conclude that the appellants are not innocent purchasers of the first mortgage, but took it subject to all the equities existing between Garvey and wife and Lyness.

An objection was taken to the directions of the decree rendered by the circuit court, and it was contended that they were unusual, extraordinary, and unauthorized. But we think the decree was in conformity to the stipulation entered into between the parties, bearing date June 6, 1856. As we understand that stipulation, the parties agreed that the appellants might go on under their decree of foreclosure and sell the mortgaged premises without prejudice, and that Lyness was to file his answer and prosecute his defense as though no order *pro confesso* had been entered against him, and that on the sale of the real estate, a sufficient sum of money was to be considered in court to satisfy the mortgage of Lyness, should the court decide that his mortgage had the preference.

In view of the facts of the case, the court very properly decided that the Lyness mortgage was the prior incumbrance, and of course was entitled to be first satisfied out of the

proceeds of the sale. If the appellants had really taken all the money out of court, they had obtained more than they had any right to, and in the spirit of their stipulation, and by the power of the court over the fund, they might be ordered to refund a sum sufficient to satisfy the prior lien. This in good conscience and equity as well as by their agreement they were bound to do.

The decree of the circuit court is affirmed.